# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR VURYEVICH KOZUB,<br>Petitioner,<br>v.<br>TAYLOR,<br>Respondent. | Case No. 1:25-cv-01602-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT AND TERMINATE RESPONDENT'S MOTION TO DISMISS AS MOOT<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy (Program Statement 5410.01) that excludes Petitioner from applying First Step Act ("FSA") Earned Time Credits ("ETCs" or "FTCs"). (ECF No. 1 at 6.[1]) Petitioner requests that the Court direct the Federal Bureau of Prison ("BOP") to immediately calculate and apply all of the ETCs to which he is entitled. (Id. at 7.) On March 3, 2026, Respondent filed a motion to dismiss. (ECF No. 11.)

///

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

Here, Petitioner was released from BOP custody on March 13, 2026.[2] As the Court cannot provide the relief sought by the petition, the petition should be dismissed as moot. See Sila v. Warden, No. EDCV 22-1632 RSWL (AS), 2023 WL 2504476, at *2 (C.D. Cal. Feb. 13, 2023) ("[E]ven if Petitioner is currently on supervised release and seeks to apply First Step Act credits to reduce his term of supervised release, that relief is unavailable here. The First Step Act . . . does not provide for a reduction of supervised release terms, and the BOP is not authorized to reduce such terms.") (collecting cases), report and recommendation accepted, 2023 WL 2504989 (C.D. Cal. Mar. 13, 2023).

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be DISMISSED AS MOOT; and
2. Respondent's motion to dismiss be TERMINATED AS MOOT.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

---

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search by "BOP Register Number" for "44892-086") (last visited Nov. 3, 2026). See United States v. Basher, 629 F.3d 1161, 1165 & n.2 (9th Cir. 2011) (taking judicial notice of publicly available information from the Federal Bureau of Prisons Inmate Locator).

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 4, 2026**



STANLEY A. BOONE
United States Magistrate Judge